

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-17-00036-CR
07-17-00037-CR
07-17-00038-CR
07-17-00039-CR
07-17-00040-CR

XAVIER RENA SOLIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 27088-B, Honorable David L. Gleason,[1] Presiding

November 30, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

On January 4, 2017, appellant, Xavier Rena Solis, entered an open plea of guilty to one count of evading arrest or detention with a motor vehicle,[2] and four counts of

---

[1] Senior District Judge sitting by assignment.

[2] *See* TEX. PENAL CODE ANN. § 38.04 (West 2016).

aggravated robbery.[3]   Appellant pled "true" to using or exhibiting a deadly weapon during the commission of the robbery offenses.  After hearing evidence, the trial court accepted appellant's guilty plea, found appellant guilty of each of the charged offenses, and sentenced him to ten years' incarceration for the evading arrest or detention conviction and thirty-five years' incarceration for each of the aggravated robbery convictions.  Subsequently, appellant timely filed his notice of appeal.  We affirm.

Appellant's court-appointed appellate counsel filed a motion to withdraw from the representation supported by an *Anders* brief.  *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  In support of his motion to withdraw, counsel certifies that he has diligently reviewed the records and, in his opinion, the records reflect no reversible error upon which an appeal can be predicated.  *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgments.  Counsel notified appellant by letter of his motion to withdraw; provided him a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief).  By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief.  Appellant did not, however, file a pro se response.  The State did not file a brief.

---

[3] *See id.* § 29.03 (West 2011).

In the present case, appellant entered a plea of "guilty" to each count alleged in the indictment and a plea of "true" concerning the deadly weapon allegations. By his *Anders* brief, counsel discusses three areas where reversible error may have occurred but concludes that the appeals are frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support these appeals but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).

After carefully reviewing the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review. We therefore affirm the trial court's judgments and grant counsel's motion to withdraw.[4] *See* TEX. R. APP. P. 43.2(a).

Judy C. Parker
Justice

Do not publish.

---

[4] Even though appellant was informed of his right to file a pro se petition for discretionary review upon execution of the Trial Court's Certification of Defendant's Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure, which provides that counsel shall within five days after this opinion is handed down, send appellant a copy of the opinion and judgments together with notification of his right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.